Scileppi, J. (dissenting in part).
I agree with the majority that ordinarily the recanvass of the returns made by the Board of Elections prevails over the canvass made by the inspectors of election at the close of the polls (Election Law, § 274, subd. 2); and that the two paper ballots in question should be counted for Santangelo. However, in'this case there is evidence that some of the safety devices on the rear of the voting machine were missing. , The machine had no lockouts, indorsement straps or compensators, at the time the recanvass was made by the Board of Elections. This, in my opinion, was sufficient evidence to enable Special Term to draw a reasonable inference that the vote count on the machine was not conclusive. In such circumstances, the presumption of the finality of the machine count under subdivision 2 of section 274 falls, and the other proof furnished by the inspectors of election after the polls had closed and the entries on the tally sheets, together with the testimony of all the watchers and the police officers in attendance, which was *486 received without objection, properly raised a question of fact which was resolved in Santangelo’s favor.
This factual determination, unanimously affirmed by the Appellate Division, should not be disturbed.
Chief Judge Fuld and Judges Van Voorhis, Burke and Keating concur with Judge Bergan; Judge Scileppi dissents, in part, and votes to affirm in an opinion and Judge Breitel dissents, in part, with respect to the disposition of the two paper ballots upon the dissenting opinion of Justice McNally at the Appellate Division.
Ordered accordingly.